John van Loben Sels (Bar. No. 201354)
Jennifer J. Shih (Bar No. 276225)
FISH IP LAW, LLP
2603 Main Street, Suite 1000
Irvine, CA 92614-4271
Telephone: (949) 943-8300
Facsimile:  (949) 943-8358
Email:  jvanlobensels@fishiplaw.com
Email:  jshih@fishiplaw.com

*Attorneys for Plaintiff, Bird-B-Gone, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRD-B-GONE, INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>FLOCK FREE BIRD CONTROL SYSTEMS AND SERVICES LLC, a New Jersey corporation; Thomas Kaps, an individual; Paul Rosario, an individual, and DOES 1 through 10<br><br>  Defendants. | Case No.  8:19-cv-008866<br><br>**COMPLAINT FOR:**<br>1) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>2) **DECLARATORY JUDGMENT OF PATENT INVALIDITY; and**<br>3) **DECLARATORY JUDGMENT OF UNENFORCEABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1. Plaintiff, Bird-B-Gone, Inc. ("Plaintiff") or ("Bird-B-Gone") by and through its attorneys of record, alleges as follows:

## PARTIES

2. Plaintiff Bird-B-Gone, is a corporation organized and existing under the e laws of the State of California, with a place of business at 15375 Barranca Pkwy., Ste. D, Irvine, CA 92618.

3. Bird-B-Gone is the world's largest manufacturer of professional grade bird deterrents and has expended considerable resources researching, developing and obtaining worldwide intellectual property protection for its deterrent devices. Bird-B-Gone is the owner of numerous patents, trademark, and copyright.

4. Upon information and belief, Defendant Flock Free Bird Control Systems and Services, LLC ("Flock Free") is a limited liability corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 644 Cross Street. Building A. Unit 4. Lakewood, NJ 08701.

5. Upon information and belief, Defendant Thomas Kaps is an individual residing in New Jersey. Thomas Kaps is the Owner and Operator at Flock Free. Thomas Kaps founded Flock Free along with his partner Paul Rosario in or about 2007.

6. Upon information and believe, Paul Rosario is an individual residing in New Jersey. Paul Rosario is the co-owner of Flock Free.

7. The true names and capacities of Does 1 through 10 – whether individual, corporate, associate, representative or otherwise – are unknown to Plaintiff, who therefore sues them as Doe defendants. Plaintiff will seek leave to amend this complaint to show the true names and capacities of the Defendants when they are ascertained. Plaintiff is informed, believes, and alleges that each of the defendants named as a Doe, along with the named Defendant, is responsible in some manner for the occurrences alleged in this complaint, and Plaintiff's harm alleged in this complaint was legally or proximately caused by the Defendants.

1  Wherever it is alleged that any act or omission was also done or committed by any
2  specifically named Defendant or by Defendants generally, Plaintiff also alleges
3  that the same act or omission was also committed by each and every Defendant
4  named as a Doe, and each named Defendant, both separately and in concert or
5  conspiracy with the named Defendants.
6        8.    On information and belief, Does 1 through 10 each performed,
7  participated in, or abetted in some manner the acts alleged, proximately caused the
8  harm alleged, and are liable to Plaintiff for the relief sought.

## JURISDICTION AND VENUE

9.    This is an action for declaratory judgment of invalidity and unenforceability arising under the patent laws of the United states, 35 U.S.C. §§ 102 and 103.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10.    Flock Free is subject to personal jurisdiction in this Court because it conducts business in this judicial district and in the State of California; has asserted the acts of patent enforcement and invalidity in this judicial district.

11.    Thomas Kaps and Paul Rosario are subject to personal jurisdiction in this Court because they have purposefully directed material actions toward and had impacts in this district.

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because: Flock Free is subject to personal jurisdiction in this judicial district; has regularly conducted business in this judicial district; and certain of the acts addressed in this complaint occurred in this judicial district.

13.    As alleged more fully below, there is an actual, immediate dispute existing between Plaintiff and Flock Free regarding the invalidity and unenforceability of United States Patent No. D829, 299 (the "'299 Patent"),

entitled "Pest Deterrent Device With Rotating Feature".

## THE '299 PATENT

14. The '299 Patent issued on September 25, 2018, and has been assigned to Thomas Kaps and Paul Rosario (the named inventors), at least one of whom on information and belief is the owner of Flock Free. A true and correct copy of the '299 Patent is attached to this complaint as **Exhibit A.**

15. The '299 Patent claims an ornamental design for a pest deterrent device with a rotating feature and shown below.

16.



17. The '299 Patent claims priority to application number 29/547,202, with a filing date of December 1, 2015.

18. The listed inventors of the '299 Patent are Thomas Kaps and Paul Rosario, who are also the current assignees of the '299 Patent.

19. Plaintiff is informed and believes that Thomas Kaps and Paul Rosario are also the founders of Flock Free.

20. Plaintiff is informed and believes Thomas Kaps and Paul Rosario are also the named inventors of several other patents relating to bird deterrence.

21. Plaintiff is informed and believes that Flock Free is a licensee of the '299 Patent with the right to enforce the '299 Patent.

## PLAINTIFF'S REASONABLE APPREHENSION OF SUIT

22. On or about March 4, 2019, Plaintiff received a threatening letter from Flock Free. A true and correct copy of the letter is attached hereto as **Exhibit B**. The letter states in part that "[t]his letter is to serve as written notice that your client is infringing, and now willfully infringing, on U.S. Patent 829,299 and the Flock Reflector registered trademarks." The unmistakable import of the letter is Flock Free's insinuation that Plaintiff infringes the '299 Patent.

23. Based on the letter, it is reasonable for Plaintiff to develop a real and reasonable apprehension that it would be subject to a claim for liability for patent infringement.

24. In or about February 2019, Flock Free contacted Amazon and reported Bird-B-Gone's Reflect-A-Bird Deterrent product, ASIN B06VSQ9FXS, as infringing the claims of the '299 Patent. A picture of the Bird-B-Gone Reflect-A-Bird Product is shown below:



25. Flock Free's complaint to Amazon was assigned an internal Amazon matter number 5877177171. On or about February 16, 2019, Amazon responded to Flock Free and notified it that the Reflect-A-Bird Product reported as infringing was removed from Amazon.com. A true and correct copy of this correspondence is attached hereto as **Exhibit C**.

26. Bird-B-Gone's Reflect-A-Bird Product was on sale in or about August of 2016

27. Bird-B-Gone created Reflect-A-Bird for Terminix and won the exclusive partnership at the end of November 2015

28. Flock Free lost the partnership opportunity and as a direct result filed their patent claim a few weeks later..

29. As a direct result of Flock Free's notification to Amazon, Bird-B-Gone has substantial damage in the marketplace in the form of lost sales from Amazon.

30. Upon information and believe Bird-B-Gone and Flock Free are competitors in the marketplace for bird deterrence products.

31. On or about March 12, 2019, Plaintiff informed Flock Free that the Flock Free product, Flock Reflector, was on sale prior to the priority date of the '299 Patent. A true and correct copy of this correspondence is attached hereto as **Exhibit D**. Plaintiff directed Flock Free to a link of a YouTube video found at https://www.youtube.com/watch?v=TCSmzzXSzuk. The link establishes that on or about February 23, 2013, Flock Free published and began the sale of the Flock Free Flock Reflector.

32. In addition to the video published on February 23, 2014, Flock Free also published a video on or about February 27, 2014, https://www.youtube.com/watch?v=6Ac30f_HZ7c which shows the Flock Free Reflector in action.

33. In response to Plaintiff's email, on March 12, 2019, Flock Free's counsel admitted to the error and stated that "[s]omeone is making a mistake here, but in re-reviewing the data, I'm no longer as sure as I was earlier today." A true and correct copy of this correspondence is attached hereto as **Exhibit E**.

34. On or about March 12, 2019, Flock Free's counsel further responded to Plaintiff stating that "[y]ou probably won't be hearing more from me further about this matter except to hear about how far my tail went between my legs." A true and correct copy of this correspondence is attached hereto as **Exhibit F**.

35. On or about March 22, 2019, Flock Free's counsel sent an email to Amazon requesting that Amazon rescind the complaint and relist Bird-B-Gone's Reflect-A-Bird Product. A true and correct copy of the correspondence is attached hereto as **Exhibit G.**

36. As of the date of the filing of the complaint, Amazon has refused to reinstate Bird-B-Gone's selling of its Reflect-A-Bird Product.

37. Bird-B-Gone has also reached out to Amazon more than forty (40) times to resolve the issue, to no avail.

## COUNT ONE

**(Bird-B-Gone Against Flock Free, Thomas Kaps, and Paul Rosario)**

**INTENTIONAL INTERFERENCE WITH CONTRACT**

38. Bird-B-Gone re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

39. In or about November of 2015, Bird-B-Gone entered into an exclusive contract with Terminix, which contract was predicated in significant part on Bird-B-Gone's selling of the Reflect-A-Bird Product.

40. Upon information and belief Defendants were aware of Bird-B-Gone's exclusive contract with Terminix.

41. Defendants knew or should have known that Bird-B-Gone's exclusive contract with Terminix was predicated in significant part on Bird-B-Gone's

continued selling of the Reflect-A-Bird Product.

42. Defendants knew or should have known that the '299 Patent was unenforceable and/or invalid.

43. By starting to enforce the '299 Patent through Amazon, Defendants knew or should have known that it would interfere with Bird-B-Gone's exclusive contract with Terminix.

44. On information and believe, Defendants' wrongful conduct in starting to enforce the '299 Patent has harmed Bird-B-Gone in an amount to be proven at trial.

## COUNT TWO

### (Bird-B-Gone Against Flock Free, Thomas Kaps, and Paul Rosario)
### DECLARATORY JUDGMENT OF INVALIDITY

45. Bird-B-Gone re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

46. Flock Free began selling the Flock Reflector in 2013, more than one year prior to the earliest priority date of the '299 Patent.

47. In addition, Bird-B-Gone put Flock Free on notice that Flock Free has had proof for more than a month that the '299 Patent was fraudulently obtained.

48. Specifically, Bird-B-Gone alleges that the '299 Patent is unenforceable due to the intentional withholding of material information from the United States Patent and Trademark Office ("PTO") during prosecution by Thomas Kaps and Paul Rosario, the named inventors of the '299 Patent and the founders of Flock Free. As the named inventors, Thomas Kaps and Paul Rosario had a duty of candor to the PTO which required him to disclose all non-cumulative material information known to them to the PTO. In addition, Rene-Martin Oliveras, prosecuting attorney for the '299 Patent, had knowledge of this same material information and intentionally withheld that information from the PTO during prosecution of the '299 Patent. As the prosecuting attorney, Mr. Oliveras

had a duty of candor to the PTO which required him to disclose all non-cumulative material information known to him to the PTO.

49. Plaintiff is informed and believes that other officers and employees at Flock Free also had knowledge of the same material information and withheld that information from the PTO with intent to deceive the PTO.

50. 37 C.F.R. § 1.56 states that "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."

51. Bird-B-Gone alleges that Thomas Kaps, Paul Rosario, Rene-Martin Oliveras, and others at Flock Free knew that products embodying the design of the '299 Patent had been on sale more than one year prior to the earliest priority date for the '299 Patent, but withheld that information from the PTO with the specific intent to deceive the PTO.

52. Had the PTO been aware of the sale of the products embodying the design of the '299 Patent more than one year prior to the earliest priority date for the '299 Patent, the PTO would never have issued the '299 Patent at all.

53. On or about October 29, 2018, Flock Free filed a proposed Certificate of Correction in an attempt to deceive the PTO and amend the priority date to July 24, 2013. A true and correct copy of the certificate is attached hereto as **Exhibit I.**

54. On or about January 9, 2018, the PTO denied Flock Free's Request for Certificate of Correction. A true and correct copy of the post issuance communication of denial is attached hereto as **Exhibit J.**

55. Upon information and believe Defendants Thomas Kaps and Paul Rosario are involved in Flock Free's product line and knew about Flock Free's Reflector product which was on sale more than one year prior to the earliest priority date of the '299 Patent.

# COUNT THREE

## (Bird-B-Gone Against Flock Free)

## DECLARATORY JUDGMENT OF UNENFORCEABILITY

56. Bird-B-Gone re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

57. An actual and justiciable controversy exists between Bird-B-Gone and Flock Free regarding the unenforceability of the '299 Patent.

58. Bird-B-Gone alleges that the '299 Patent is unenforceable due to patent misuse.

59. Flock Free's efforts to enforce the '299 Patent against Bird-B-Gone knowingly that it was fraudulently obtained is an attempt to impermissibly extend the physical scope of the '299 Patent and to defeat the competition of Bird-B-Gone in the market.

60. Upon information and belief, Flock Free continues to misrepresent the '299 Patent and market the Flock Free Reflector product and '299 Patent.



61. Flock Free has misused its patent rights to gain an unfair advantage.

62. Not only did Defendants know about the sale of the Flock Reflector one year prior to the priority date of the '299 Patent, but they later tried to submit a Certificate of Correction to correct that error.

63. Accordingly, Bird-B-Gone hereby seeks entry of declaratory judgment that the '299 Patent is unenforceable for patent misuse.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bird-B-Gone prays for judgment and relief as follows:

1. A declaration that the '299 Patent is invalid due to the on sale bar;
2. A declaration that the '299 Patent is unenforceable due to inequitable conduct before the PTO and due to patent misuse.
3. For damages and lost profits, according to proof at trial for Defendants' intentional interference with prospective economic advantage.

Dated: May 10, 2019     By:   */s/ John van Loben Sels*
                              John D. van Loben Sels, Esq.

                              Attorney for Plaintiff,
                              Bird-B-Gone, Inc.